Please call the next case. 515-0534, Lingenfelter v. Workers' Comp'nation. Good morning, Counsel. Court, may it please the Court. My name is John Kifori and I represent the appellant, Cloverleaf Golf Course, in this matter. In this matter, the Industrial Commission unanimously and properly found that there was no employee-employer relationship between the petitioner and the golf course. And the Circuit Court reversed. Correct. I have a threshold question in our jurisdiction. Under the well-subtle case law, we're without jurisdiction to consider an appeal from a non-final order. Here, the Circuit Court set aside the Commission's finding that the claimant failed to establish an employer-employee relationship and remanded the matter to the Commission for all other issues, such as what amounts are owed and so forth and so on. So tell us how this is a final order that you're appealing. That's an excellent question that I've given thought to. The arbitrator at hearing, we were at a final hearing, and there was no request for temporary benefits. It was a final request, a final hearing. There was a final order issued. Again, before the Commission, there was no request for any sort of 19B benefits. There was a final hearing, a final order, and so on and so forth. The issue of employee-employer relationship is dispositive of all of the issues in this case. It was dispositive with the arbitrator. It was dispositive with the Commission. Well, it can't be dispositive.  including what amounts are owed and so forth and so on. This is the Court's order. What are we to review? Are we reviewing things that have not been decided by the Commission? Where's the final order? Under that circumstance, it would appear then that the appellant would not have the opportunity to seek immediate review of the… We could have filed for an interlocutory appeal. We probably would have turned it down, but that's your basis. But you didn't. You appealed under 301 and 303. Correct. And so now the question becomes, is the order that the Circuit Court entered a final order? And it remains it back to the Commission. What are they supposed to do when it goes down to the Commission based upon that remand order? Well, the Commission has already made several decisions in the prior order with regard to employment, and those were dispositive of the issues. My client in particular was seeking your review of the employee-employer relationship. We understand what you're seeking, and we get that all the time. Yes, if we had the ability to review it, it probably would be dispositive of the case if we reversed it. But the fact of the matter is we don't have 301 and 303 jurisdiction because it's not a final order. And you didn't come up here on a permissive interlocutory appeal. Would you then have, if we go back to the Commission, the Commission makes extra findings, would you then eventually have jurisdiction to review employee-employer relations? Absolutely, because the cases clearly say when it comes up here on a decision following a remand, the first thing we look at is the original order that was entered by the Circuit Court to determine whether the Commission's decision was, in fact, against the manifest way. And we review it, but we only get to look at final orders here. Thank you. Then I would reserve my other arguments for a later date, perhaps. Thank you. Thank you, counsel. Counsel, do you wish to respond? Well, briefly, Your Honor, I had called counsel on that because I was worried about it. Somewhere I read a case about whether this is a final order or not. And, you know, they went ahead and appealed. I didn't know if we were – I kind of – if I had my choice, I'd rather that you decide at this stage of the game because the case is what it is. But you recognize that this is a manifest order. I recognize it. And I saw something about some mechanism, but they didn't really explain what the mechanism was to actually have it here properly before the court. But we'll do what – obviously going to do whatever the court tells us to do. We don't have jurisdiction. We don't have it. There's no alternative. It's simple. So I'll just reserve everything until the appropriate time. Thank you, Your Honor. Thank you, counsel. Counsel? Thank you, counsel, for appearing today. This matter will be taken into consideration on that issue.